IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **ROYCE de R. BARONDES**, )<br>           *Plaintiff,* )<br>   v. )<br>)<br>**TIMOTHY M. WOLFE**, in his official )<br>capacity as President of the Curators of )<br>the University of Missouri, )<br>)<br>      and )<br>)<br>**THE CURATORS OF THE** )<br>**UNIVERSITY OF MISSOURI**, )<br>           *Defendants*. ) | Case Number: 2:15-cv-04230 |

**PLAINTIFF'S SUPPLEMENT TO MOTION TO REMAND**

Plaintiff Royce Barondes files this Supplement to his Motion to Remand this case to the Circuit Court of Cole County, Missouri, pursuant to 28 U.S.C. §§ 1367, 1441, 1447(c), and 2201, to address factual developments arising after the filing of his Motion to Remand on November 10, 2015. Dkt. #10.

### I. INTRODUCTION

The University of Missouri maintains a rule generally prohibiting employee possession of firearms on campus (albeit with limited, inapplicable exceptions) — a rule it has maintained un-amended since 1988. Curator Rule § 110.010.B.4(a) (rev. 1988). Since that time, Missouri's law on the right to keep and bear arms has dramatically changed.

In 2003, the Missouri Legislature enacted legislation that allows authorized individuals to carry concealed firearms throughout the State of Missouri, including institutions of higher education, provided that the individual has permission from the higher education institution's

governing body to do so. See RSMo. § 571.107.1(10) (current codification of provision originally codified as 571.094); 2003 Mo. Legis. Serv. 2nd Ex. Sess. H.B. 328. In 2010, the Supreme Court confirmed that the fundamental right to keep and bear arms is binding on the States, *McDonald v. Chicago*, 561 U.S. 742 (2010), as a result of which, the Missouri Supreme Court has opined state burdens on firearm possession are subject to strict scrutiny. *Dotson v. Kander*, 464 S.W.3d 190, 197 n.5 (Mo. 2015). In 2013, the Missouri legislature enacted a statute expressly allowing employee possession of firearms in vehicles on campus. HB 533, 97th Gen'l Assembly (Mo. 2013), adding § 571.030.6 RSMo. And in 2014, Missouri voters, by a substantial majority, extended and strengthened this fundamental right by state constitutional amendment, adopting a provision that expressly obligates the state "to uphold these rights" in a process validated by *Dotson*. Throughout it all, the University of Missouri has obdurately maintained its ban, unaltered.

In brief, Plaintiff's Amended Complaint does not assert federal issues. It challenges the legality of a rule Defendants adopted and implemented, Curator Rule § 110.010.B.4(a), that, with inapplicable exceptions, bans faculty possession of firearms on campus for otherwise lawful purposes. In brief, it alleges as to Plaintiff that: (i) Defendants' gun ban, as applied to an employee's possession in his vehicle, is invalid as in violation of a State statute, § 571.030.6 RSMo (which conditions the employee being within the scope of his or her employment); (ii) the scope of employment condition and other restrictions in § 571.030.6 RSMo are inconsistent with Missouri Constitution, Art. I, § 23, which subjects them to strict scrutiny; and (iii) the ban generally is invalid under Art. I, § 23.

Defendant's Counterclaims, in general, seek a declaratory judgment that Rule § 110.010.B.4(a) and its implementation by Defendants are consistent with (i) the 2nd and 14th

Amendments of the Federal Constitution and (ii) the Missouri Constitution, Art. I, § 23; and (iii) seek injunctive relief, ordering Plaintiff's compliance with that rule, as implemented.

## II. PROCEDURAL HISTORY

1. Pursuant to 28 U.S.C. § 1441(a), Defendants removed this case from the Circuit Court of Cole County, Missouri, to this Court on the basis that Plaintiff's Petition raised claims over which this Court would have original jurisdiction under 28 U.S.C. § 1331. Dkt. #1.

2. Plaintiff filed a First Amended Complaint which contained no claims over which this Court would have original jurisdiction (Dkt. #8), followed by a Motion to Remand this case back to the Circuit Court of Cole County pursuant to 28 U.S.C. §§ 1367, 1441, and 1447(c). Dkt. #10. In that Motion to Remand, Plaintiff asserted that "[t]his case now involves questions of state law only, including questions of first impression arising under a newly adopted provision of the Missouri Constitution and a recently adopted Missouri statute." *Id.*

3. Defendants subsequently filed, the "Answer, Affirmative Defenses, and Counterclaims of Defendants Timothy M. Wolfe and the Curators of the University of Missouri." Dkt. #13. It raises three counterclaims, one of which explicitly seeks the Court to address a federal law issue, requesting in Count I "that the Court enter a declaration that Curators' Rule 110.010.B.4.a and RSMo. § 571.107.41(10) and their implementation are not unconstitutional under the Second and Fourteenth Amendments to the United States Constitution." *Id.* at 32. The counterclaims are asserted in reliance on 28 U.S.C. § 2201 et seq. Dkt. #13, p.29, ¶ 21; p.30, ¶ 28; p.31, ¶ 35.

4. Defendants' subsequently-filed answer also raised an affirmative defense: "Plaintiff's claims are barred, in whole or in part, because Article IX, § 9 of the Missouri Constitution vests in the Board of Curators the authority to govern the state University and to issue regulations

applicable to students, employees, and the general public." Dkt. #13 at 22, ¶ 5. Plaintiff's claims include allegations asserting rights under section 23 of the Bill of Rights in Missouri's Constitution and a state civil rights statute. It appears, by virtue of inclusion of "in whole," this defense asserts Defendants need not comply with either section 23 of the Bill of Rights in Missouri's Constitution or a state civil rights statute — the term "in whole" otherwise would be superfluous.[1] In order to address a defense that Defendants may be asserting — that Defendants need not comply with Missouri's Bill of Rights — where relevant, this Supplement addresses the issues from both perspectives (i.e., discusses the issues from both (i) the perspective where Defendants actually assert they need not comply with section 23 of Missouri's Bill of Rights and (ii) the perspective that Defendants admit they must comply).

5. On December 4, 2014, Defendants filed a response in opposition to Plaintiff's Motion to Remand. Dkt. #15. It argues in opposition to remand that Defendant's had "refiled" their federal law counterclaim in response to the First Amended Complaint (despite the First Amended Complaint no longer containing what Defendants had previously alleged formed the basis for a justiciable counterclaim, i.e., that Plaintiff was seeking a declaratory judgment under the Second and Fourteenth Amendments). Dkt. #2 at 25.

6. Plaintiff files this Supplement to Motion to Remand to address issues relevant to Defendants' filing of counterclaims.

---

[1] This affirmative defense raises additional concerns of comity. As comity was one of the bases raised in the original Motion to Remand, the discussion of the comity concerns raised by this affirmative defense are addressed along with other discussion about comity in Plaintiff's Reply Suggestions to the Motion to Remand and is incorporated by reference herein.

7. Plaintiff's Reply Suggestions to the original Motion to Remand will be contemporaneously filed with this Supplement to Motion to Remand. The Reply Suggestions will respond to Defendants' Response opposing the Motion to Remand as to bases for remand raised in the original Motion to Remand (i.e., the voluntary dismissal of all claims over which this court has original jurisdiction, the novel and complex issues of state law, and the balancing of the values of judicial economy, convenience, fairness, and comity).

### III. ADDITIONAL SUGGESTIONS IN SUPPORT FOR REMAND

#### A. Inherent discretion re. Defendants' claims under the Declaratory Judgment Act

Defendants assert counterclaims in reliance on 28 U.S.C. § 2201. A District Court's entertaining a claim seeking declaratory relief under 28 U.S.C. § 2201 is discretionary. "It is always discretionary with the court whether to entertain an action for a declaratory judgment." 20 Charles Alan Wright & Mary Kay Kane, Federal Practice & Procedure: Federal Practice Deskbook § 106, at 900 (2d ed. 2011). Thus, the Supreme Court has stated:

> [D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.

*Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995) (applying the standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)). See generally *Teva Pharms., USA, Inc. v. Am. Motorists Ins. Co.*, No. 4:08CV477 CDP, 2008 WL 4596186 at *1–3 (E.D. Mo. Oct. 14, 2008) (applying *Wilton* and remanding). The reasons detailed below demonstrate this Court should exercise the discretion always available in connection with a federal court's decision to entertain a declaratory judgment action.

### B. All claims over which this Court has original jurisdiction have been dismissed, making remand appropriate pursuant to 28 U.S.C. § 1367(c)(3)

The United States Supreme Court has held that counterclaims cannot form the basis for "federal question" jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830-1 (2002). The "well-pleaded complaint rule" allows Plaintiff to eschew claims based on federal law to have the case heard in state court. *Id.* While this Court's jurisdiction was determined at the time of removal, the fact that Defendants' filed federal counterclaims does not present a federal question which would form a basis for "federal question" jurisdiction. This Court need not extend its supplemental jurisdiction to hear this case. As the claims over which this court has original jurisdiction have been voluntarily dismissed by Plaintiff, and counterclaims cannot form the basis for original jurisdiction of this court, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over this case and should remand this case back to the Circuit Court of Cole County, Missouri.

### C. State law claims predominate warranting remand under 28 U.S.C. § 1367(c)(2)

Even if we assume, *arguendo,* that despite the absence of any claims over which this Court has original jurisdiction in Plaintiff's "well-pleaded" First Amended Complaint, Defendants' counterclaim raises a claim over which this court has original jurisdiction for the purposes of 28 U.S.C. § 1367, this Court should decline to exercise jurisdiction over it under § 1367(c)(2) because the state law claims here substantially predominate over any federal issue purported to be raised in a federal counterclaim, for reasons also forming exceptional circumstances warranting remand. (See *Pullman* abstention, *infra*).

### D. Exceptional circumstances exist warranting remand under 28 U.S.C. § 1367(c)(4)

This Court should abstain from exercising its supplemental jurisdiction over any claims in this case, including Defendants' counterclaims, and remand pursuant to 28 U.S.C. § 1367(c)(4) due to the exceptional circumstances detailed below. In general:

*First*, Defendants' counterclaims raise complex federal constitutional issues as to which, under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), this court should abstain. Those federal constitutional issues include application of the Second Amendment to a variety of novel contexts, and application of the First Amendment petition right to state defendant's assertion of counterclaims.

*Second*, Defendants counterclaims are non-dispositive, duplicative and fail for lack of an actual controversy. Such counterclaims cannot properly be the basis for declining to remand.

#### 1) Pullman Abstention

*Pullman* abstention allows a full remand of all state and federal claims to the state court. 14C Charles Alan Wright et al., Federal Practice & Procedure § 3739, at 922–28 (2009); See, e.g., *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501–02 (8th Cir. Mo. 1992) (citing with approval *Corcoran v. Ardra Ins. Co.,* 842 F.2d 31 (2d Cir. 1988), and finding the District Court had authority to remand)*; Palivos v. City of Chicago*, 901 F. Supp. 271, 273–74 (N.D. Ill. 1995) (referencing *Pullman*); *Dykhouse v. Corporate Risk Mgmt. Corp.*, No. 91-1646, 1992 WL 97952, at *3 n.10 (6th Cir. May 8, 1992) (Burford Abstention); *Moheb, Inc. v. City of Miami*, 756 F. Supp. 2d 1370, 1373-74 (S.D. Fla. 2010). *Tyler v. Collins*, 709 F.2d 1106, 1108 (6th Cir. 1983), states as to *Pullman* abstention, "Abstention is particularly warranted where a state proceeding is pending that challenges the law under the state constitution." "[T]he purpose of Pullman abstention in such cases is to avoid resolving the federal question by encouraging a state-law determination that may moot the federal controversy." *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S.

323, 339 (2005).

Under *Robinson v. Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989):

> The *Pullman* abstention doctrine counsels restraint in the use of federal judicial resources under certain circumstances. This court has said: "*Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a **potentially controlling issue of state law that is unclear**, and the decision of this issue by the state courts **could avoid or materially alter the need for a decision on federal constitutional grounds**." Thus, for *Pullman* abstention to be appropriate, two requirements must be met.
> First, the controlling state law must be unclear. Second, a tenable interpretation of the state law must be dispositive of the case. In other words, if a reasonable interpretation would render unnecessary or substantially modify the federal constitutional question then abstention is appropriate.

*Id.* at 1043 (quoting *Moe v. Brookings Cnty., S.D.*, 659 F.2d 880, 883 (8th Cir. 1981)) (emphasis added). This case presents potentially controlling issues of state law that are unclear, and the resolution of those issues by state courts could avoid or materially alter the need for a decision on federal constitutional grounds.

*Substance of Defendants' Counterclaims.* Illustrative of the federal constitutional issues that this Court may avoid, or whose consideration may be materially altered, are application of the Second Amendment to the following:

(i) a general ban on campus firearm possession by a CCW-holding employee;

(ii) a ban on such an employee's possession in a vehicle when such possession is not criminal under state weapons law (although potentially criminal under trespass law); and

(iii) a ban on such an employee's possession of a firearm in a vehicle on campus when he is not in the scope of employment, when, Plaintiff alleges, the employee is permitted, under a state statute, to possess a firearm in a vehicle when in the scope of employment; the scope of employment criterion being, as described in W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 70, at 502 (5th ed.1984), "devoid of meaning."

All Plaintiff's claims are controlled by issues of state law that are unclear.[2] And if Defendants are required to comply with Missouri's Bill of Rights (Defendants may be claiming they need not, see p.3, ¶4, supra), all Defendants' counterclaims are also controlled by issues of state law that are unclear, because the standard of review for the right to keep and bear arms under Art. I, § 23, of the Missouri Constitution — strict scrutiny — is higher than the "intermediate scrutiny" that Defendants allege applies to claims raised under the Second Amendment. Mo. Const. Art. I, § 23; Dkt. #13 at 28; see also *United States v. Hughley*, No. 14-00224-01-CR-W-DW, 2015 WL 5853190 (W.D. Mo. Oct. 7, 2015) at *2; *United States v. Adams*, No. 15–00153–01–CR–W–GAF, 2015 WL 5970548 at *2 (W.D. Mo. Oct. 13, 2015) (applying intermediate scrutiny); see generally *United States v. Slater*, No. 15–00057–01–CR–W–DW, 2015 WL 6501093 (W.D. Mo. Oct. 27, 2015) (evidently not adopting a standard of review).

Accordingly, if Defendants must comply with Missouri's Bill of Rights, it is moot whether or not Defendants' gun ban violates the federal constitution, because Defendants must adhere to the higher standard of "strict scrutiny" before limiting Plaintiff's (or anyone's) right to keep and bear arms. Defendants appear to be asserting that they need not comply with Missouri's Bill of Rights, in an obliquely-phrased defense. See Dkt. #13, p.22, ¶ 5. Because it would be manifestly novel for a court to conclude Curator Defendant need not comply with Missouri's Bill of Rights, if Defendants are contesting the issue, it is surely a tenable conclusion that Defendants must comply with the Missouri Bill of Rights. As this case involves controlling issues of state law that

---

[2] The state law is unclear. See discussion in the original Motion to Remand as well as the Reply Suggestions for details on the novel and complex state law issues that this case presents as a matter of first impression.

are unclear, this Court should exercise its authority under *Pullman* to abstain from exercising its supplemental jurisdiction over this case and remand it back to the Circuit Court of Cole County, Missouri.

*The Assertion of Counterclaims.* A separate type of federal constitutional issue this court will avoid by abstaining is application of the First Amendment petition rights to Defendants' assertion of counterclaims. If this Court entertains Defendants' counterclaims, this Court will face the federal constitutional issue of whether their assertion violates Plaintiff's rights, under the 1st Amendment, to petition the government. The Supreme Court traces the First Amendment's Petition Clause to Magna Carta. *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2499 (2011). "Litigation on matters of public concern may facilitate the informed public participation that is a cornerstone of democratic society. It also allows individuals to pursue desired ends by direct appeal to government officials charged with applying the law." *Id.* at 2500. It extends to a public employee's lawsuit against a non-Federal government employer raising a matter of public concern. *Id.* at 2491–92, 2494 (also stating, "This Court's precedents confirm that the Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes.").

"The filing of such suits adds legitimacy to the court system as the designated forum to resolve disputes." *Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs.*, 608 F.3d 110, 125 (1st Cir. 2010) (citing *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002)). The protection extends to protect against counterclaims against a plaintiff who properly exercises a petition right. *Real Estate Bar*, 608 F.3d at 123–25.

This Court's entertaining Defendants' counterclaims necessarily would obligate this Court to examine the scope of the Petition Right under the 1st Amendment, as applied to Defendants'

assertion of duplicative, non-dispositive and moot issues. For this reason also, this Court should abstain under *Pullman*.

### 2) *Defendants' Counterclaims are Non-dispositive, Duplicative, and Fail for Lack of an Actual Controversy*

An additional exceptional circumstance for which this Court should consider remand is that it is highly disputed whether Defendants have raised cognizable claims at all forming a basis for this court to deny Plaintiff's Motion to Remand.

*Counterclaims Non-Dispositive.* Defendants' counterclaims are inherently non-dispositive. This Court's disposition of novel state issues would only be advisory in any subsequent litigation in state court by one of the numerous, perhaps thousands, of CCW-holders who visit state universities in Missouri. And surely were such a state court to find rights extending beyond those identified in this litigation, the Plaintiff would benefit. There is not an evident rationale for considering Defendants' inherently non-dispositive declaratory judgment claims as a basis to retain this case.

*Counterclaims Fail for Lack of an Actual Controversy.* Where a claim asserts one basis to invalidate a State instrumentality's rule, a counterclaim seeking a declaratory judgment that the rule is not invalidated by a different legal principle "fails for lack of actual controversy." See, e.g., *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F. Supp. 2d 562, 566 (D. Del. 2009) (addressing challenge and counterclaims re an insurance policy); See also *Neidenbach v. AMICA Mutual Ins. Co.*, No. 4:13-CV-1604 CAS, 2014 WL 3670847, at *2 (E.D. Mo. July 23, 2014) ("'When [a counterclaim] for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim,' courts may exercise their discretion to dismiss the counterclaim 'on the ground that it is redundant and a

Page **11** of **13**

Case 2:15-cv-04230-DGK   Document 18   Filed 12/21/15   Page 11 of 13

decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot.'" (quoting 6 Charles A. Wright et al., Federal Practice and Procedure § 1406 (3d ed. 1998))); *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975); *Spine Imaging MRI, L.L.C. v. Allstate Ins. Co.*, 818 F. Supp. 2d 1133, 1138-39 (D. Minn. 2011).

*Duplicative Counterclaims Moot.* Plaintiff's Amended Complaint seeks declaratory and injunctive relief on state law grounds. Defendant asserts counterclaims under federal and state law. Defendants' counterclaims asserting federal constitutional issues would be entertained last, under the canon of constitutional avoidance. All Defendants counterclaims, as duplicative, would be moot.

Under the canon of constitutional avoidance, this Court would not entertain federal constitutional issues Defendants urge unless the Court had first determined that the rule and its implementation passed state constitutional requirements Plaintiff raises. See, e.g., *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). The principle applies to the order of federal court construction of state constitutional provisions relative to federal constitutional issues, and it applies in the lower federal courts. Allstate Ins. Co. v. Serio, 261 F.3d 143, 150 (2d Cir. 2001); accord, *Gibson v. Am. Cyanamid Co.*, 760 F.3d 600, 608 (7th Cir. 2014).

Under principles of issue preclusion, following the litigation any issue not raised by Plaintiff will be moot as between Plaintiff and Defendants. See *Principal Life Ins. Co.*, 674 F. Supp. 2d at 566; *Penn Mutual Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Trust*, No. 09-300-JJF, 2010 WL 3023402, at *6, 9 (D. Del. July 30, 2010) (complaint seeks invalidity declaration on specific grounds; counterclaim seeking declaratory judgment re. contract enforceability redundant). Thus, this Court's consideration of any issue not raised by Plaintiff would be moot.
Page **12** of **13**
Case 2:15-cv-04230-DGK   Document 18   Filed 12/21/15   Page 12 of 13

### IV. CONCLUSION

For the reasons discussed herein as well as in the original Motion to Remand and Reply Suggestions to Motion to Remand, this Court need not and should not exercise its supplemental jurisdiction over this case, and this case should be remanded pursuant to 28 U.S.C. §§ 1367(c), 1441(c)(2), 1447(c), and 2201.

WHEREFORE, Plaintiff respectfully requests that this Court remand this case in its entirety to the Circuit Court of Cole County, Missouri, or, in the alternative, remand all state law claims to the Circuit Court of Cole County (staying the federal claims pending resolution of the state law claims in state court), and for such other relief that this court deem is just and proper.

**Respectfully Submitted,**

**/s/ Jennifer Bukowsky**_____
Jennifer Bukowsky, MO # 58761
**BUKOWSKY LAW FIRM, LLC**
217 N. 9th St.; Columbia, MO 65201
T: (573) 443-2288; F: (573) 443-2289
j@lawbuk.com

### CERTIFICATE OF SERVICE

On December 21, 2015, I electronically filed this document through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

**/s/ Jennifer Bukowsky**_____
*Attorney for Plaintiff Royce Barondes*