# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROYCE de R. BARONDES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-04230-CV-C-DGK |
| TIMOTHY M. WOLFE, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

This case concerns whether the University of Missouri's policy prohibiting employees from possessing a firearm while on campus violates state law and the constitutional right to bear arms. Plaintiff filed this lawsuit in state court, and Defendants removed it to federal court. Shortly after removal, Plaintiff filed an amended complaint removing all federal claims.

Now before the Court is Plaintiff's Motion to Remand (Doc. 10). Although the Court would ordinarily deny the motion because Plaintiff admittedly attempted to engage in forum manipulation, in this unique case the Court will grant it. Because this case no longer presents any federal claims, but does presents several novel and important questions of state law that are best addressed by the state judiciary, this case is REMANDED to the Circuit Court of Cole County, Missouri.

### Background

Plaintiff Royce de R. Barondes ("Barondes") is an Associate Professor at the University of Missouri – Columbia School of Law who holds a concealed carry permit issued by the Sheriff of Boone County, Missouri. Defendants are the President and the Curators of the University of

Missouri ("the University").  They have enforced Curators' Rule 110.010(B)(4)(a)[1] which bans the possession of firearms on University property.  Defendants have interpreted two state laws, Missouri Revised Statute § 571.030.6,[2] which allows state employees to store firearms in their cars while at work, and § 571.107.1(10),[3] which provides possession of a firearm in a vehicle on university campus is not a criminal offense, to be consistent with this rule.  That is, Defendants contend the University may prevent employees from possessing firearms in their cars on the University's property.

On September 19, 2015, Barondes filed a three-count Petition (Doc. 1-1) in the Circuit Court of Cole County, Missouri.  Count I alleged that the Curators' Rule violated § 571.030.6 by prohibiting the possession of a firearm in an employee's vehicle while on University property.

---

[1] The Rule provides that "The possession of and discharge of firearms, weapons and explosives on University property including University farms is prohibited except in regularly approved programs or by University agents or employees in the line of duty."

[2] Section 571.030.6 provides that,

> Notwithstanding any provision of this section to the contrary, the state shall not prohibit any state employee from having a firearm in the employee's vehicle on the state's property provided that the vehicle is locked and the firearm is not visible. This subsection shall only apply to the state as an employer when the state employee's vehicle is on property owned or leased by the state and the state employee is conducting activities within the scope of his or her employment. For the purposes of this subsection, 'state employee' means an employee of the executive, legislative, or judicial branch of the government of the state of Missouri.

[3] Section 571.107.1(10) provides that a concealed carry permit does not authorize any person to carry a concealed firearm into:

> Any higher education institution or elementary or secondary school facility without the consent of the governing body of the higher education institution or a school official or the district school board, unless the person with the concealed carry endorsement or permit is a teacher or administrator of an elementary or secondary school who has been designated by his or her school district as a school protection officer and is carrying a firearm in a school within that district, in which case no consent is required.  Possession of a firearm in a vehicle on the premises of any higher education institution or elementary or secondary school facility shall not be a criminal offense so long as the firearm is not removed from the vehicle or brandished while the vehicle is on the premises.

Count II alleged the Curators' Rule violated his right to keep and bear arms under Article I, § 23 of the Missouri Constitution, the Second and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Count III alleged the Curators' Rule prohibited him from defending himself and so violated his right to bear arms under Article I, § 23 of the Missouri Constitution, the Second and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Barondes sought declaratory and injunctive relief, monetary damages, and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988.

On October 16, 2015, Defendants removed the case by invoking the Court's federal question jurisdiction, 28 U.S.C. § 1441(a). Defendants also filed counterclaims seeking a declaratory judgment that the Rule and § 571.107.1(10) complied with both Missouri law and the United States Constitution.

On November 6, Barondes filed his Amended Complaint (Doc. 8) which removed all allegations of any violation of federal law. As now written, Count I alleges the Curators' Rule is invalid to the extent it conflicts with § 571.030.6; Count II alleges the Curators' Rule violates his right to keep and bear arms under Article I, § 23 of the Missouri Constitution; and Count III alleges the Curators' Rule also prohibits him from defending himself and so violates Article I, § 23 of the Missouri Constitution. The Amended Complaint specifically notes Barondes "has struck the federal claims that provided the basis for removal, and he does not raise any federal question or claim over which this Court has original jurisdiction." Am. Compl. ¶ 5.

At the same time Barondes filed his Answer to Defendants' Counterclaims (Doc. 9). In relevant part, it asserts that the Amended Complaint has "removed all federal claims, leaving no claims over which this Court would have original jurisdiction under 28 U.S.C. § 1331," therefore "[t]here are no counterclaims pending for Plaintiff to answer." Answer to Countercls. ¶¶ 5-7.

On November 10, Barondes filed the pending motion to remand or, in the alternative, to dismiss the state law claims without prejudice. Defendants oppose remand, arguing Barondes' admitted forum-shopping weighs heavily against remand.

## Discussion

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and supplemental jurisdiction over claims that are "so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §§ 1331, 1367(a). Because Counts II and III of the initial Petition alleged violations of the Second and Fourteenth Amendments and 42 U.S.C. § 1983, the Court possessed original jurisdiction to hear this case. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005). The state law claims fell within the Court's supplemental jurisdiction because they were based on the same acts that formed the basis for the federal claims. *See*, *e.g.*, *Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011) (noting federal and state constitutional claims concerning the same conduct by defendant formed part of the same case or controversy under Article III). Since the Court had jurisdiction at the time this case was removed, it may continue to exercise supplemental jurisdiction over the state law claims in the Amended Complaint, even if there are no federal claims left in the case. *See Kan. Pub. Emp. Ret. Sys. v. Reimer & Koger Assocs.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996); *see also* Charles Alan Wright, et al., 14B *Federal Practice & Procedure* § 3721 (4th ed. 2009) ("[A] plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims." (compiling authorities)).

The Court, however, may decline to exercise its supplemental jurisdiction and hear the remaining state law claims if: (1) the state law claims raise a novel or complex issue of state law;

(2) the state law claims predominate over the claims over which the Court had original jurisdiction; (3) the Court dismissed all claims over which it had original jurisdiction; or (4) in "exceptional circumstances," there are other compelling reasons for declining jurisdiction. *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (quoting 28 U.S.C. § 1367(c)). If one of these statutory factors is present, the Court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise jurisdiction. *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011) (listing the so-called "Gibbs factors" from *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)). "[I]n the usual case," these factors will "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Gibbs factors are not the only factors a federal court must consider. It must also "consider whether the plaintiff has engaged in any manipulative tactics." *Id*. at 357. If so, "the court should take this behavior into account," and it may decide to exercise its supplemental jurisdiction. *Id.* This allows district courts to "guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendant state-law claims." *Id.*

Here, the case no longer presents a federal question. Rather, the Court finds only state law claims raising novel and complex issues of state law, such as whether the Curators' Rule conflicts with § 571.030.6 or violates Barondes' right to bear arms under Article I, § 23 of the Missouri Constitution. The Court also finds that as in the typical case, the Gibbs factors here weigh against exercising supplemental jurisdiction to hear these claims.

But that is not the end of the analysis. Barondes has unabashedly attempted to engage in forum manipulation; he eliminated all federal claims *after* removal expressly to attempt to force remand. Indeed, Barondes admits doing so; he touts it as a legitimate tactical decision. He cites

5

an unpublished district court decision, *Kelly v. Union Electrical Co.*, No. 07-4210-CV-C-NKL, 2008 WL 53274 (W.D. Mo. Jan. 3, 2008), for support that in this district it is accepted practice. *Kelly*, however, is not binding authority, and it is not persuasive.[4]

The Court holds that dismissing all federal claims after removal to force remand is not a legitimate tactical decision; it is forum-shopping. As the Fifth Circuit observed:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. **The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned**. The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.

*Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (quotation omitted) (emphasis added). Of course, other courts hold that,

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that

---

[4] In fact, the *Kelly* court recognized "[t]here is a split among courts regarding whether it is a legitimate tactical decision to include a federal claim in a state-court petition, dismissing it only after defendants remove to federal court." *Id.* at *2-3 (citing cases reaching different conclusions about the practice).

> straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). This reasoning is unpersuasive for two reasons. First, it ignores that defendants have a statutory *right* to litigate in a federal forum when a plaintiff raises a federal question. While a plaintiff is the master of his or her complaint and enjoys a "venue privilege" to choose whether to bring suit in state or federal court, this privilege is subject to jurisdictional limitations. Once a plaintiff inserts a federal question claim in the complaint, this privilege gives way to a defendant's statutory right to litigate in federal court. A plaintiff is not master of the complaint forever and without exception. Second, it is factually incorrect to say there is little economy to be gained by forbidding such gamesmanship: precluding such manipulation would enhance judicial economy at both the state and federal level and avoid needless waste of litigants' resources.

That said, the Court recognizes that reasonable jurists disagree on this issue. So the Court will not dwell on the fact that, as Defendants put it, "just weeks after filing suit and appearing on national television to bemoan the supposed infringement of his rights under the federal constitution," Barondes abruptly decided he did not want to litigate his Second and Fourteenth Amendment rights once Defendants removed to federal court. Defs.' Br. (Doc. 15) at 10-11. Instead of adopting a bright-line rule of exercising jurisdiction in cases of egregious forum shopping, the Court will simply consider it as an additional factor to weigh alongside the Gibbs factors in deciding whether to exercise jurisdiction. *See Payne v. Parkchester N. Condos*, 134 F. Supp. 2d 582, 585-86 (S.D.N.Y. 2001) (noting there are two competing views and declining to adopt a bright-line rule concerning how to handle such situations).

7

Case 2:15-cv-04230-DGK   Document 20   Filed 05/02/16   Page 7 of 8

In the present case, the Court holds that comity for Missouri state courts in this important case outweighs the need to discourage forum shopping. Accordingly, the Court declines to exercise its jurisdiction to hear this case. This case is REMANDED to the Circuit Court of Cole County, Missouri.

The motion (Doc. 10) is GRANTED.

**IT IS SO ORDERED.**

Dated:  May 2, 2016                                          /s/ Greg Kays
                                                             GREG KAYS, CHIEF JUDGE
                                                             UNITED STATES DISTRICT COURT